IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 18 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

| | |
|---|---|
| MARK ANTHONY TEAL, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNKNOWN, )<br>    Defendant. ) | Civil Action No. 7:07-cv-00496<br><br>**MEMORANDUM OPINION**<br><br>By: Samuel G. Wilson<br>United States District Judge |

Plaintiff, Mark Anthony Teal, a Virginia inmate proceeding pro se, field this motion which the court construed as an action pursuant to 42 U.S.C. § 1983. Teal complains that the administration at his institution is "intentionally mishandling, blocking, holding, and denying" his legal mail. However, because Teal did not fully exhausted his administrative remedies before filing this action, the court dismisses this action pursuant to 42 U.S.C. § 1997e(a).

I.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate's complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). In this case, Teal concedes that he is "in the process of exhausting his administrative remedies." Accordingly, the court finds that Teal had not exhausted all available administrative remedies before filing this action.

1

## II.

To the extent Teal requests preliminary injunctive relief, the court finds that he is not entitled to it at this time. A district court should issue preliminary injunctive relief sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if relief is denied; 2) the injury to the defendants if relief is granted; 3) the likelihood that plaintiff will succeed on the merits; and 4) whether it is in the public's interest to grant relief. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980), (citing, Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Without a showing that plaintiff will suffer actual imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997). As such, a plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted). A plaintiff's failure to exhaust his administrative remedies bars relief on a motion for a preliminary injunction. Miller v. Stieneke, No. 99-7165, 1999 U.S. App. LEXIS 33986, 1999 WL 1257223, at *1 (4th Cir. Dec. 28, 1999); Watkins v. Guilford County Sheriff's Dep't, No. 1:06cv995, 2007 U.S. Dist. LEXIS 78264 (M.D. N.C. May 10, 2007). Therefore, because the court has already found that his claim is unexhausted, Teal is barred from preliminary injunctive relief. Moreover, Teal has not alleged any facts which suggest that he is likely to suffer imminent, irreparable harm. Accordingly, the court finds that Teal is not entitled to preliminary injunctive relief at his time.

2

## III.

For the reasons stated, Teal's petition is dismissed pursuant to §1997e(a) for failure to exhaust and his motion for a preliminary injunction is denied.

**ENTER:** This 18th day of January, 2008.

_____
United States District Judge